UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Jenifer L. Mendoza,

      Plaintiff,

v.

Manymar Corporation,
d/b/a Quality Print Center,

      Defendant,
_____/

## **COMPLAINT**

Plaintiff Jenifer L. Mendoza by and through undersigned counsel, hereby sues Defendant Manymar Corporation d/b/a Quality Print Center, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff Jenifer L. Mendoza under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760, to redress the injury done to Plaintiff by the Defendant's discriminatory and retaliatory treatment based on her Sex.

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3.  This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Additionally, Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.

5.  The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Dade County, within the jurisdiction of this Honorable Court.

<u>Parties</u>

6.  Plaintiff Jenifer L. Mendoza is a resident of Miami-County, who was employed by Defendant Manymar Corporation d/b/a Quality Print Center and is a member of certain protected classes of persons.

7.  Corporate Defendant Manymar Corporation d/b/a Quality Print Center (hereinafter, Quality Print Center, or Defendant) is a Florida profit corporation conducting business in the Dade County, State of Florida, within this Court jurisdiction.

8.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9.  At all relevant times, Defendant has continuously done business in Florida state and employed 15 or more employees.

Procedural Requirements

10. All conditions precedent to this action has been fulfilled. On or about May 30, 2022, Plaintiff Jenifer L. Mendoza dual-filed her Charge of Discrimination with the EEOC and also with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about December 13, 2022, the U.S. Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" with respect to such Charge of Discrimination. Such Notice was received by Plaintiff on or about December 16, 2022. Consequently, the present Complaint is being filed within 90 days of the date on which Plaintiff received the Dismissal and Notice of Rights, as allowed by law.  *See composite Exhibit "A."*

11. All conditions precedent for the filing of this action before this Court has either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

Statement Of Facts

12. Plaintiff Jenifer L. Mendoza is a 36-year-old Colombian female, resident of Miami-Dade County, who was employed by Defendant, and she is a member of certain protected classes of persons because of her Sex and her participation in protected activities under Federal and State law.

13. Defendant Quality Print Center is a printing and marketing company providing its services to commercial accounts and to the public. Defendant has facilities located at 11865 SW 26 ST, Unit C40, Miami, Florida 33175, where Plaintiff worked.

14. Defendant Quality Print Center employed Plaintiff Jenifer L. Mendoza as a full-time customer service and office clerk employee from approximately April 13, 2020, to February 14, 2022, or 96 weeks.

15. Plaintiff was paid a weekly salary of approximately $780.00 per week.

16. Throughout her employment at Quality Print Center, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

17. However, during her time of employment with Quality Print Center, Plaintiff suffered Sex discrimination in the form of sexual harassment and a hostile working environment. After Plaintiff complained about the sexual harassment, she also suffered retaliation, finally losing her employment.

18. The discrimination and sexual harassment were perpetrated by Plaintiff's superior and owner of the business Manuel D. Hidalgo Jr.

19. Since her employment with Defendant began, Plaintiff felt really uncomfortable around Manuel D. Hidalgo Jr.

20. Owner Manuel D. Hidalgo Jr. was always watching pornography on the five company computers., and showed signs of inappropriate sexual behavior.

21. Plaintiff and her co-workers complained about this offensive behavior to Manager Marisol Hidalgo (owner's sister.) and the owner's mother and father, who also worked at the same location. But Manuel D. Hidalgo Jr. did not care, and he continued this wrongful conduct.

22. In another incident, Plaintiff and her co-workers discovered a hidden mini video camera strategically installed at the entrance of employees used by someone to spy and record females' underwear.

23. Plaintiff and her co-workers reported the unpleasant event to Manager Marisol Hidalgo. The camera was retired, but nobody knew about the results of the investigation.

24. On or around October 2020, Plaintiff began to suffer Sex discrimination and harassment openly. Manager Manuel D. Hidalgo Jr. started his sexual harassment of Plaintiff by making unwelcome remarks regarding Plaintiff's physical appearance.

25. Manager Manuel D. Hidalgo Jr. always was staring at Plaintiff. He intentionally tried to be close to her invading her personal space and constantly made remarks of sexual nature to her. Plaintiff perceived the supervisor's excessive efforts to get close to her as harassing and annoying. The manager invited her out and constantly tried to date her.

26. Plaintiff verbally rejected Manager Manuel D. Hidalgo Jr.'s conduct and clearly informed him that his sexual advances were unwelcomed and unwanted. Plaintiff demanded Manager Manuel D. Hidalgo Jr. stop harassing her. Plaintiff let him know that she was not interested in any romantic relationship. Plaintiff told the supervisor that she felt uncomfortable and sexually harassed.

27. This opposition constitutes protected activity under Title VII and under Chapter 760 of the Florida Human Rights Act.

Case 1:23-cv-20388-RNS   Document 1   Entered on FLSD Docket 01/31/2023   Page 6 of 24


28. Manuel D. Hidalgo Jr. did not take a no for an answer and utilized his position of authority to demand sexual favors from Plaintiff. Manuel D. Hidalgo Jr. subjected Plaintiff's employment benefits or adverse actions dependent upon Plaintiff complying with demands for sexual favors.

29. Manager Manuel D. Hidalgo Jr. ignored Plaintiff's rejection and continued his sexual misconduct by asking her out, offering her expensive gifts, including buying her a car.

30. The harassment of supervisor Daniel Rodriguez was sufficiently severe and pervasive to affect Plaintiff's conditions of employment by creating a hostile work environment. Plaintiff perceived her work environment to be sexually abusive and hostile. Plaintiff believed that her continued employment was subjected to her submission to the sexual demands of the supervisor. After all, his harasser was the owner of the business, and there were no boundaries for him.

31. Plaintiff feared that complaining about the harassment would cause her to lose her job, and she tried to manage the situation the best she could according to her circumstances.

32. Plaintiff felt intimidated and coerced. Manager Manuel D. Hidalgo Jr. was not behaving with her in a professional fashion. Furthermore, Plaintiff noticed that Manager Manuel D. Hidalgo Jr. drank alcohol too often and displayed an aggressive personality.

33. Plaintiff felt afraid and uneasy at work. She was desperate to finish her tasks for the day and go home, so she did not have to interact with Manager Manuel D.

Hidalgo Jr. any longer. Plaintiff's fear of staying alone with her harasser interfered with Plaintiff's work performance.

34. On or about November 11, 2021, While Plaintiff was working in the back of the store, owner Manuel D. Hidalgo Jr., who was drunk, approached and sexually assaulted her. He asked Plaintiff to have sex with her. He was a foul-mouthed individual that used extremely gross, nasty, graphic sexual language and remarks to make his proposal.

35. Owner Manuel D. Hidalgo Jr. grabbed Plaintiff by the arm and forced himself trying to kiss her. Plaintiff rejected and forcefully pushed Manuel D. Hidalgo Jr. and ran away from the office to her car in the parking lot. The harasser followed Plaintiff to the parking lot demanding to have sex with her and screaming sexually explicit phrases until Plaintiff, in panic, was able to leave home.

36. Plaintiff, in shock, called her cousin and co-worker Daniela Parra to tell her what happened. Plaintiff's cousin worked for the same employer.

37. Co-worker Daniela Parra called Manager Marisol Hidalgo and informed her that Owner Manuel Hidalgo Jr. had sexually assaulted Plaintiff. Manager Marisol Hidalgo stated that she would investigate the next day.

38. The next day Plaintiff personally complained to Manager Marisol Hidalgo and told her about the discrimination and sexual harassment she was suffering.

39. These complaints constitute protected activity under Title VII and under Chapter 760 of the Florida Human Rights Act.

40. Apparently, Manager Marisol Hidalgo spoke to his brother Manuel Hidalgo Jr., and he stopped sexually harassing Plaintiff. However, Manuel D. Hidalgo Jr. began to retaliate against Plaintiff for making a complaint against him.

41. During the subsequent days,  Plaintiff suffered retaliatory harassment. Manuel D. Hidalgo Jr. subjected Plaintiff to excessive job scrutiny and surveillance. He treated Plaintiff with contempt and was openly hostile to her. He was constantly screaming and demeaning Plaintiff. Manuel D. Hidalgo Jr. admonished and reprimanded Plaintiff for any reason. He criticized her work and always found reasons to point out the flaws in her work. Plaintiff's work environment became unbearable for her.

42. On or about November 19, 2021, Plaintiff complained again about being discriminated against and harassed by Manuel D. Hidalgo Jr. Moreover, Plaintiff complained that she was suffering retaliatory harassment since she complained about discrimination and sexual harassment on or about November 11, 2021.

43. Plaintiff complained to Manager Marisol Hidalgo and Manuel D. Hidalgo Jr's parents. Plaintiff was suffering from emotional distress, and she took a leave of absence for six weeks.

44. On or about December 29, 2021, Manager Marisol Hidalgo asked Plaintiff to come back to work on January 05, 2022 and guaranteed that Owner Manuel Hidalgo Jr. would not be at the workplace.

45. Plaintiff returned to work on or about January 05, 2021, and Manuel D. Hidalgo Jr. was not there anymore.

46. However, on or about January 27, 2022, Owner Manuel Hidalgo Jr. returned to work, and he was drunk. He went up directly to Plaintiff and grabbed Plaintiff by the shoulders, and requested her sexual favors again, stating: "come down, I am not that ugly." Plaintiff ran away immediately.

47. Plaintiff complained about the incident and went home because she did not want to be around Manuel D. Hidalgo Jr. Later, Plaintiff was called to let her know that she could return to work because Manuel D. Hidalgo Jr. left the workplace. Plaintiff returned to work.

48. Nevertheless, on or about February 14, 2022, Plaintiff went to work as usual, and owner Manuel Hidalgo Sr. fired Plaintiff. He told her not to come back to work anymore. He offered her to pay wages in February and March.

49. This adverse employment action came just in temporal proximity to Plaintiff-protected activity on or about January 27, 2022.

50. After Plaintiff's complaint of sexual harassment and retaliation, Defendant did not open an investigation. They did not sanction the harasser. Instead, Defendant punished Plaintiff by firing her.

51. Plaintiff did not get any relief from her complaints to her superiors. On the contrary, she was subjected to more retaliation.

52. On or about February 14, 2022, Plaintiff was discharged by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints of unlawful discrimination and sexual harassment in violation of Federal and State Law.

53. Defendant knew or should have known of the sexual harassment suffered by Plaintiff because Plaintiff complained about the sexual harassment perpetrated by the business owner Manuel D. Hidalgo Jr.

54. Defendant failed to take prompt and effective remedial action, reasonably calculated to end the harassment and retaliation. The inaction of Defendant favored and perpetuated unlawful discrimination.

55. Defendant's failures included but were not limited to conducting an adequate investigation in response to the complaints; failing to adequately discipline and separate the harasser; failing to follow complaint procedures and take sexual harassment complaints seriously; and failure to discourage other employees from engaging in discriminatory conduct.

56. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise affect her status as an employee because of her engagement in protected activities in opposition to unlawful discriminatory practices.

57. The unlawful practices described above were intentional and caused Plaintiff to suffer great emotional distress.

58. Plaintiff Jenifer L. Mendoza has suffered double damage and will continue to suffer both irreparable injury and damages because of Defendant's discriminatory practices unless and until this Court grants relief.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON SEX

59. Plaintiff Jenifer L. Mendoza re-adopts every factual allegation stated in paragraphs 1-58 above as if set out in full herein.

60. At all times material hereto, the Employer/Defendant Quality Print Center failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

61. The discrimination of Plaintiff Jenifer L. Mendoza was perpetrated by her superior, but it was allowed by Defendant Quality Print Center, and it was caused by Defendant being aware of Plaintiff's Sex.

62. Defendant's decision to discriminate against Plaintiff Jenifer L. Mendoza was because of Plaintiff's Sex.

63. At all relevant times aforementioned, including the time of discrimination, Defendant Quality Print Center was aware that Plaintiff Jenifer L. Mendoza was a female.

64. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

65. Plaintiff was qualified for the position apart from her apparent Sex.

66. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

67. The failure of Defendant Quality Print Center to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

68. Defendant Quality Print Center, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, discriminated against Plaintiff Jenifer L. Mendoza on account of her Sex in violation of the Act concerning its decision to treat Plaintiff different from other employees.

69. Plaintiff Jenifer L. Mendoza was wrongfully terminated by Defendant Quality Print Center, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

70. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

71. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant Quality Print Center is a mere pretext for the actual grounds for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination and harassment.

72. Defendant Quality Print Center is subjected to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

73. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to her Sex. Discrimination based on Sex constitutes unlawful discrimination.

74. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Jenifer L. Mendoza respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Quality Print Center, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff Jenifer L. Mendoza to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff Jenifer L. Mendoza;

D. Order Defendant Quality Print Center to make Plaintiff Jenifer L. Mendoza whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered;

E.   Award a money judgment representing prejudgment interest;

F.   Award any other compensation allowed by law, including punitive damages;

G.   Award attorney's fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff Jenifer L. Mendoza demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:**
**RETALIATION**

75. Plaintiff Jenifer L. Mendoza re-adopts every factual allegation as stated in paragraphs 1-58 above as if set out in full herein.

76. At all times material hereto, the Employer/Defendant Quality Print Center failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

77. Defendant Quality Print Center is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

78. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

79. Defendant Quality Print Center, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff Jenifer L. Mendoza on account of Plaintiff's complaints of discrimination.

80. Plaintiff complained about the unlawful discrimination and harassment suffered at the hands of her superior. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

81. But Plaintiff's complaints brought her only increased harassment from her superior and her own employer, Quality Print Center.

82. On or about February 14, 2022, Plaintiff Jenifer L. Mendoza was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination and harassment based on her Sex, in violation of Federal Law.

83. Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity.

84. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

85. Plaintiff Jenifer L. Mendoza was fired by Defendant, and the termination was directly and proximately caused by Plaintiff's complaints and opposition to unlawful discrimination.

86. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment.

87. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to her Sex and retaliation due to her complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes illegal retaliation.

88. As a result of the retaliation, Plaintiff Jenifer L. Mendoza has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

89. At the time that Plaintiff opposed the discrimination and harassment of her supervisor, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of Title VII.

90. Defendant Quality Print Center's acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

91. Defendant Quality Print Center is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

92. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff Jenifer L. Mendoza respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Quality Print Center, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant Quality Print Center to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff Jenifer L. Mendoza demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**
**DISCRIMINATION BASED ON SEX**

93. Plaintiff Jenifer L. Mendoza re-adopts every factual allegation as stated in paragraphs 1-58 and above as if set out in full herein.

94. At all times, material hereto, the Employer/Defendant Quality Print Center failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

    "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

95. The discrimination of Plaintiff Jenifer L. Mendoza by Defendant Quality Print Center was caused by Defendant being aware of Plaintiff's Sex.

96. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex.

97. At all relevant times aforementioned, including the time of discrimination, Defendant Quality Print Center was aware that Plaintiff was a female.

98. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

99. Plaintiff was qualified for the position apart from her apparent Sex.

100.    Plaintiff was discriminated against by Defendant Quality Print Center because Plaintiff was a female.

101.    Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

102.    The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

103.    Defendant Quality Print Center, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's State

protected rights, discriminated against Plaintiff Jenifer L. Mendoza on account of her Sex, in violation of the Act, with respect to its decision to treat Plaintiff different from other employees.

104.     Plaintiff Jenifer L. Mendoza was wrongfully terminated by Defendant Quality Print Center, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

105.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

106.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination and harassment.

107.     Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to Sex.

108.     Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

109.     Defendant Quality Print Center is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

110.     Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Jenifer L. Mendoza respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Quality Print Center, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff Jenifer L. Mendoza to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant Quality Print Center to make Plaintiff Jenifer L. Mendoza whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>Demand for a Jury Trial</u>

Plaintiff Jenifer L. Mendoza demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES;   RETALIATION**

111.      Plaintiff Jenifer L. Mendoza re-adopts every factual allegation stated in

paragraphs 1-58 of this Complaint as if set out in full herein.

112.      This is an action against Defendant Quality Print Center for unlawful

retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

113.      The FCRA contains an anti-retaliation provision forbidding employers

from retaliating or from taking adverse personnel action against those employees

who exercise their lawful and protected rights under the Act.

114.      The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as

follows:

> *"It is an unlawful employment practice for an employer, an employment agency,*
> *a joint labor management committee, or a labor organization to discriminate*
> *against any person because that person has opposed any practice which is an*
> *unlawful employment practice under this section, or because that person has*
> *made a charge, testified, assisted, or participated in any manner in an*
> *investigation, proceeding, or hearing under this section."*

115.      Plaintiff is a member of a protected class under Title VII and the Florida

Civil Rights Act because of her Sex and because of her participation in protected

activities within the meaning of the Florida Civil Rights Act.

116.      While working for Defendant Quality Print Center, Plaintiff was subjected

to discrimination and harassment based on Sex.

117.      Plaintiff reasonably engaged in protected activity by complaining about

the unlawful discrimination with her own employer, Quality Print Center.

118.    Plaintiff complained and opposed the unlawful discrimination and harassment suffered at the hands of her supervisor. Plaintiff opposed the unlawful discriminatory conduct of this individual.

119.    But Plaintiff's complaints brought her only increased harassment from her own employer, Quality Print Center.

120.    On or about February 14, 2022, Plaintiff Jenifer L. Mendoza was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination and harassment based on her Sex, in violation of State Law.

121.    At the time that Plaintiff opposed the discrimination and harassment of her superior, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of the FCRA, *Fla. Stat. Section 760.10,* (7)

122.    Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity.

123.    Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

124.    Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment based on her Sex.

125.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex and

retaliation due to her complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

126.     As a result of the retaliation, Plaintiff Jenifer L. Mendoza has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

127.     Defendant Quality Print Center's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

128.     Defendant Quality Print Center is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

129.     Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Jenifer L. Mendoza respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant Quality Print Center, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff Jenifer L. Mendoza a judgment against Defendant Quality Print

Center for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant Quality Print Center;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Jenifer L. Mendoza demands a trial by jury on all issues triable as of right by a jury.

Date: January 31, 2023

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
**zep@thepalmalawgroup.com**
*Attorney for Plaintiff*