United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jenifer L. Mendoza, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-20388-Civ-Scola |
| | ) |
| Manymar Corporation, Defendant. | ) |

### Order Denying Motion to Dismiss

  This matter is before the Court on Defendant Manymar Corporation's motion to dismiss. (Mot., ECF No. 6.) Plaintiff Jenifer Mendoza has responded in opposition. (Resp., ECF No. 10.) The Defendant has replied. (Reply, ECF No. 11.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. (**ECF No. 6**.)

  The Plaintiff brings claims for workplace discrimination and retaliation against the Defendant under both the federal Civil Rights Act and the Florida Civil Rights Act. (Compl. ¶¶ 59-129, ECF No. 1.) The Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that the Court should consider documents outside the pleadings to determine that the Defendant is not an "employer" under the Civil Rights Act because the Defendant did not employ fifteen or more employees. (Mot. at 3-4.) Recognizing that the Court may not consider such documents on a motion to dismiss, the Defendant also requests that the Court convert the motion to dismiss into a motion for summary judgment and allow the parties to conduct limited discovery on this issue. (*Id.* at 4); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267-68 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").

  The Court declines to do so. First, Federal Rule of Civil Procedure 12(d) does not require the Court to treat the motion to dismiss as a motion for summary judgment. Rule 12(d) states the following:

> **If**, on a motion under Rule 12(b)(6) or 12(c), **matters outside the pleadings are** presented to and **not excluded by the court**, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). The Rule is conditional; the Court need not allow or consider matters outside the pleadings, and it need not convert the

motion to one for summary judgment. Indeed, the Court should not do so where the record has not been sufficiently developed and the parties have not had sufficient notice. *See, e.g., Jozwiak v. Stryker Corp.*, No. 09-1985-CIV, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010) (observing that "a motion to dismiss should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision.") (citing *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003)).

Second, converting the motion to dismiss to a motion for summary judgment would do the Defendant no favors under these circumstances. In response to the Defendant's motion, the Plaintiff has provided a sworn declaration establishing that she observed at least seventeen employees during her time of employment. (Resp. Ex. A at 2.) This, at a minimum, suggests a disputed issue of material fact. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court will not decide a motion for summary judgment on such an undeveloped record—especially where the record already contains competing facts—and sees no benefit in converting this motion to one for summary judgment at such an early stage in the case. *Gonzalez v. TRW Contracting, Inc.*, No. 09-23023-CIV, 2010 WL 11504808, at *1 (S.D. Fla. Feb. 8, 2010) (Ungaro, J.) (declining to convert motion to dismiss to motion for summary judgment based on evidence presented outside the pleadings and observing that "courts have discretion as to whether consider matters outside the pleadings and convert 12(b)(6) motions.").

Accordingly, the Court **denies** the Defendant's motion to dismiss. (**ECF No. 6**.) The Court also declines to convert the motion to dismiss to a motion for summary judgment and **denies** the Defendant's request to conduct only limited discovery related to the motion. This decision is made without prejudice to the Defendant's right to file a formal motion for summary judgment under Rule 56.

**Done and ordered** in Miami, Florida, on April 20, 2023.

Robert N. Scola, Jr.
United States District Judge